# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

NCI GROUP, INC., d/b/a METAL   :
COATERS OF GEORGIA and   :
d/b/a METAL COATERS OF   :
MISSISSIPPI,   :
  :   CIVIL ACTION NO.
     Plaintiff,   :   1:09-CV-0441-RWS
  :
v.   :
  :
CANNON SERVICES, INC., and   :
d/b/a SEQUOYAH METAL   :
SYSTEMS, *et al.*,   :
  :
     Defendants.   :

## ORDER

This case comes before the Court on Defendants Goldin Industries, Inc.,

Goldin Metals, Inc., Martin Goldin, Alan Goldin, and Steven Goldin's

(collectively, the "Goldin Defendants" or "Goldins") Motion for Summary

Judgment [217], Plaintiff's Rule 56(d) Motion and Brief in Response to the

Goldin Defendants' Motion for Summary Judgment [221], Plaintiff's Motion

for Leave to Amend the First Amended Complaint [232], and Plaintiff's Motion

to Correct Scrivener's Errors [252].  After a review of the record, the Court

enters the following order.

# Background

Plaintiff filed this action on February 19, 2009 against Goldin Industries, Inc., Jack Goldin,[1] and Martin Goldin,[2] asserting claims under the federal Racketeering Influenced Corrupt Organizations Act ("RICO") and the Georgia Racketeer Influenced and Corrupt Organizations Act ("Georgia RICO"); for fraud, conversion, aiding and abetting breach of fiduciary duty, and negligence; as well as for injunctive relief under Georgia law. Compl., Dkt. [1]. Plaintiff alleged subject matter jurisdiction on the basis of its federal RICO claim and on the basis of diversity of citizenship. Id. ¶ 1. Plaintiff alleged personal jurisdiction over the three Goldins under RICO, which provides for nationwide service of process. Id. ¶¶ 6-8. On March 31, 2009, the three original Goldin Defendants moved to dismiss the Complaint for lack of personal jurisdiction and for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(2) and (b)(6). Dkt. [48].

---

[1] Although still named as a Defendant, Jack Goldin passed away in January of 2011. Brief in Supp. of Defs.' Mot. for Summ. J., Dkt. [217-1] at 4 n.1.

[2] In addition to these three Defendants, Plaintiff also brought this suit against Cannon Services, Inc., Gary M. Goff, Lorri M. Coker, Lonnie A. Carroll, Steven R. Byers, Darrell L. Coots, and Randy W. Froehlich (collectively the "non-Goldin Defendants"). Compl., Dkt. [1] at 1-2. Carroll, Byers, Coots, and Froehlich are referred to collectively as the "NCI Employees." Id. at 2. The Court will refer to the non-Goldin Defendants only as necessary, as the motions currently before the court affect only Plaintiff and the Goldin Defendants.

AO 72A
(Rev.8/82)

On May 1, 2009, Plaintiff moved to amend its Complaint and to add Goldin Metals, Inc., Alan Goldin, and Steven Goldin as defendants. Dkt. [77]. The three named Goldin Defendants moved to dismiss the Amended Complaint on June 3, 2009. Dkt. [99]. On August 4, 2009, Judge Beverly Martin, who originally presided over the case, denied the motion to dismiss the original Complaint as moot, denied the motion to dismiss the Amended Complaint, and granted Plaintiff's motion to amend, allowing it to add the remaining three Goldins as defendants. Dkt. [118]. Like the original Complaint, the Amended Complaint raises claims against the Goldin Defendants under RICO and Georgia RICO and for various torts under state law. Dkt. [119]. In addition, and like the original Complaint, Plaintiff alleges federal question and diversity of citizenship as the bases for subject matter jurisdiction, and alleges personal jurisdiction over the Goldin Defendants solely under RICO. Id. ¶¶ 1, 6-11.

Central to the parties' motions currently before the Court is Plaintiff's federal RICO claim. In the original Complaint, Plaintiff alleged that the Goldin and non-Goldin defendants engaged in a single scheme to defraud Plaintiff, under which the NCI employee-Defendants would provide prime metal coils to Goldin Industries and Cannon Services for below-market value in exchange for kickbacks (the "Scheme"). Dkt. [1] ¶¶ 19-22. By acting in concert to carry out

3

this Scheme, the Defendants were alleged to constitute a single "enterprise" under RICO. Id. ¶ 53.

In the Amended Complaint, Plaintiff alleges that the Goldin and non-Goldin Defendants acted in concert to defraud the Plaintiff through a single overarching scheme, which it now calls the "NCI-Targeted Scheme." Dkt. [119] ¶ 108. As in the original Complaint, Plaintiff alleges that because all Defendants acted in concert to defraud Plaintiff through a single scheme, the Defendants together–both Goldin and non-Goldin–constitute a single RICO "enterprise." Id. Plaintiff's theory concerning the Goldins, however, changed.

Plaintiff alleges that the NCI-Targeted Scheme consisted of four separate sub-schemes, only one of which involved the Goldin Defendants–the "Goldin Secondary Scheme." Id. ¶¶ 23, 24, 32, 42, 52, 59. Under the Goldin Secondary Scheme, the Goldin Defendants allegedly obtained below-market prices for the coating of secondary-quality metal coil in exchange for paying kickbacks to Carroll. Id. ¶¶ 42-51. This scheme is alleged to have taken place at Metal Coaters of Mississippi ("MCM"), Plaintiff's Jackson, Mississippi division. Id. ¶ 42. The remaining three schemes alleged to form the NCI-Targeted Scheme involve the sale of metal coils at fraudulently low prices, consistent with the allegations of the original Complaint, but are alleged to involve only the non-

4

Goldin Defendants.  Id. ¶¶ 24-31 (the "Downgraded Prime Scheme"), 32-41 (the "RAW/RAC/RRS Scheme"), 52-58 (the "Cannon Mississippi Scheme").

On May 24, 2011, the Goldin Defendants moved for summary judgment, advancing two central arguments in support.  Br. in Supp. of Defs.' Mot. for Summ. J., Dkt. [217-1], [217-2].  First, the Goldins argue that Plaintiff's RICO claim must fail because the only RICO "enterprise" alleged–i.e., all Defendants acting in concert to perpetrate the NCI-Targeted Scheme–did not exist.  Dkt. [217-1] at 12-20.  Specifically, the Goldins contend that the alleged Goldin Secondary Scheme had no connection to the other three schemes, thus refuting the argument that the four schemes together constituted a single RICO "enterprise."  Id. at 12-20, 28-30.  Furthermore, while maintaining that the Goldin Secondary Scheme never existed, the Goldins argue that even if such a scheme had existed, Plaintiff's RICO claim still must fail because Plaintiff never alleged that the Goldin Secondary Scheme constituted its own RICO "enterprise."  Id. at 6 n.2, 20-23, 29-30.  Second, the Goldins argue that as Plaintiff's RICO claim must fail, the Court must dismiss the remaining claims against the Goldins for lack of personal jurisdiction, as Plaintiff's allegation of personal jurisdiction over the Goldins relies exclusively on RICO's provision for nationwide service of process.  Dkt. [217-2] at 42-43.

AO 72A
(Rev.8/82)

On July 1, 2011, in response to the Goldins' Motion for Summary Judgment, Plaintiff filed a Rule 56(d) motion[3] styled, "Plaintiff's Rule 56(d) Motion and Brief in Response to The Goldin Defendants' Motion for Summary Judgment." Dkt. [221].[4] Plaintiff argues that it should be permitted to obtain further discovery before having to respond to the Goldins' Motion for Summary Judgment, in particular, the opportunity to depose the Goldin Defendants and Carroll. Id. at 9. The Goldins oppose this motion on several grounds. First, they contend that Plaintiff has failed to specify with particularity the facts Plaintiff seeks to discover and how those facts would raise a genuine issue of material fact, as required under Rule 56(d). Defs.' Resp. to Pl.'s Rule 56(d) Mot., Dkt. [226] at 18-21. They further argue that Plaintiff has been dilatory in failing to take advantage of the discovery mechanisms that have been at its disposal. Id. at 20, 22.

On August 8, 2011, Plaintiff filed a Motion for Leave to Amend the First Amended Complaint. Dkt. [232]. Plaintiff seeks leave to amend to do the

---

[3] By the Court's April 25, 2011 Order, Plaintiff was permitted to file a substantive response to the Goldins' Motion for Summary Judgment or a motion pursuant to Federal Rule of Civil Procedure 56(d). Dkt. [213] at 2.

[4] As explained in footnote 11, *infra*, the Court will only consider the portions of this submission that pertain to Plaintiff's Rule 56(d) motion and will not consider any substantive responses to the Goldins' motion for summary judgment.

AO 72A
(Rev.8/82)

following: (1) add newly-discovered facts concerning the Goldin Secondary Scheme; (2) add an additional claim under RICO based on the Goldin Secondary Scheme; (3) allege additional grounds for personal jurisdiction, namely, general and specific jurisdiction; (4) remove its negligence claims; and (5) remove Defendants Coker, Coots, and Froehlich from the Complaint as they have been dismissed from the suit. Id. at 4-6.[5] In support of this motion, Plaintiff cites Federal Rule of Civil Procedure 15 and its mandate that leave to amend shall be freely given "when justice so requires." Id. at 7. In addition, Plaintiff argues that the proposed amendments will not prejudice the Goldin Defendants, as the new personal jurisdiction allegations will keep the case in the same court; the new factual averments merely clarify and supplement the existing factual averments; and the conduct underlying the new RICO claim is the Goldin Secondary Scheme, which is already the subject of discovery. Id. at 8-9.

In their opposition brief, the Goldin Defendants argue that Plaintiff should not obtain leave to amend because Plaintiff cannot show "good cause" as

---

[5] In its motion to amend, Plaintiff also sought to remove Jack Goldin from the Complaint given that he is now deceased. Dkt. [232] at 6. Plaintiff withdrew this request in its reply brief, however, stating its intention to separately move to substitute Jack Goldin's estate as a party. Dkt. [253] at 2 n.1.

AO 72A
(Rev.8/82)

is required under Federal Rule of Civil Procedure 16, which governs the analysis in this case given that Plaintiff seeks leave to amend after the Scheduling Order deadline.[6] Dkt. [246] at 12-15. In addition, the Goldins argue that the proposed amendments run afoul of Rule 15, as they follow undue delay, are prejudicial to Defendants, and are futile. Id. at 15-24.

The final motion currently before the Court is Plaintiff's Motion to Correct Scrivener's Errors. Dkt. [252]. Plaintiff seeks to correct an error contained in the Declaration of Marc C. Williams, attached as Exhibit A to its Rule 56(d) Motion, and in its Proposed Second Amended Complaint. Id. The Court will consider each motion in turn.

## Discussion

## I.      Plaintiff's Motion for Leave to Amend [232]

In its Proposed Second Amended Complaint [232-1], Plaintiff seeks to (1) add a new RICO claim based on the alleged Goldin Secondary Scheme; (2) allege new facts supporting the alleged Goldin Secondary Scheme; (3) allege

---

[6] According to the Court's March 28, 2011 Scheduling Order [208], amendments to pleadings submitted later than thirty days after the Joint Preliminary Report and Discovery Plan is filed will not be accepted. The Joint Preliminary Report and Discovery Plan [207] was filed on March 25, 2011, giving Plaintiff until April 25, 2011 to seek leave to amend. As stated above, Plaintiff filed its Motion for Leave to Amend on August 8, 2011.

AO 72A
(Rev.8/82)

additional bases of personal jurisdiction; (4) remove its negligence claims; and (5) drop Defendants Coker, Coots, and Froehlich from the Complaint, as they have been dismissed from the suit. However, the Court's Scheduling Order of March 28, 2011 limited the amendment period to thirty days after the filing of the Joint Preliminary Report and Discovery Plan, or to April 25, 2011. Plaintiff's motion to amend was filed on August 8, 2011, over three months after the expiration of the Scheduling Order deadline.

When a motion to amend is filed after a scheduling order deadline, Federal Rule of Civil Procedure 16 is the proper guide for determining whether a party's delay may be excused. S. Grouts & Mortars, Inc. v. 3M Co., 575 F.3d 1235, 1241(11th Cir. 2009) (citing Sosa v. Airprint Sys., 133 F.3d 1417, 1418 n.2 (11th Cir. 1998)). A scheduling order may be modified only for good cause and with the Court's consent. FED. R. CIV. P. 16(b)(4). The key to good cause is diligence. Sosa, 133 F.3d at 1419.

The Eleventh Circuit has found three factors which warrant consideration when evaluating diligence: "(1) [whether] the plaintiff failed to ascertain facts prior to filing the complaint and to acquire information during the discovery period; (2) [whether] the information supporting the proposed amendment was available to the plaintiff; and (3) even after acquiring information, [whether] the

plaintiff delayed in asking for amendment." <u>Auto-Owners Ins. Co. v. Ace Elec. Serv., Inc.</u>, 648 F. Supp. 2d 1371, 1375 (M.D. Fla. 2009) (citations omitted).

Additionally, if Plaintiffs survive the Rule 16(b)(4) challenge, they still must satisfy Federal Rule of Civil Procedure 15. Rule 15 directs the Court to "freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Despite an instruction that leave should be freely given when justice so requires, leave to amend is "by no means automatic." <u>Layfield v. Bill Heard Chevrolet Co.</u>, 607 F.2d 1097, 1099 (5th Cir. 1979).[7] The trial court has "extensive discretion" in deciding whether to grant leave to amend. <u>Campbell v. Emory Clinic</u>, 166 F.3d 1157, 1162 (11th Cir. 1999). A trial court may choose not to allow a party to amend "when the amendment would prejudice the defendant, follows undue delays or is futile." <u>Id.</u> The Court will consider each of Plaintiff's proposed amendments under this framework.

A.    <u>Additional RICO Claim Based on Goldin Secondary Scheme</u>

With respect to the proposed addition of a second RICO count based on the Goldin Secondary Scheme, the Court agrees with the Goldin Defendants that Plaintiff has failed to show good cause under Rule 16. As stated above, the

---

[7] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the court adopted as binding precedent all decisions of the former Fifth Circuit decided before October 1, 1981.

key to whether an amendment will be allowed under Rule 16(b)(4) is diligence. Factors that are relevant to the "diligence" inquiry are whether the information supporting the proposed amendment was available to the plaintiff, and whether the plaintiff delayed in seeking leave to amend after obtaining that information.

In this case, Plaintiff conceded in its reply brief that the additional RICO count is "based on facts that were included in its initial complaint . . . ." (Id. at 6.) Thus, this is not a case where previously hidden or unknown facts came to light, revealing to Plaintiff the availability of a new claim for relief. Instead, the proposed RICO count is based on the already-alleged Goldin Secondary Scheme, the underlying facts of which Plaintiff has known at least since the time of its Amended Complaint. Accordingly, it appears that Plaintiff is merely trying to supplement its existing RICO theory to cover its bases in the event the Court agrees with the Goldins on summary judgment that the alleged RICO "enterprise," the NCI-Targeted Scheme, did not exist. This is not a proper use of Rule 16(b)(4).

Indeed, the Eleventh Circuit has held, "It is not an abuse of discretion for a district court to deny a motion for leave to amend a complaint when such a motion is designed to avoid an impending adverse summary judgment." Lowe's Home Centers, Inc. v. Olin Corp., 313 F.3d 1307, 1315 (11th Cir. 2002)

(citation omitted).  The Eleventh Circuit summarized the facts of <u>Lowe's</u> as

follows:

> Apparently, after recognizing the likelihood of an adverse
> summary judgment ruling, Lowe's attempted to amend its
> complaint to remove its negligent design and negligent supervision
> and training claims and to add two additional claims: (1) negligent
> misrepresentation and (2) fraud.  The record in this case reveals
> that despite numerous scheduling orders and joint stipulations
> regarding deadlines, Lowe's did not file its motion for leave to
> amend its first amended complaint until well after all such
> deadlines had expired and not until over two months following the
> filing of Olin's motion for summary judgment.  In fact, Lowe's did
> not file its motion for leave to amend until over a month had
> elapsed from the filing of its response to Olin's motion for
> summary judgment.

<u>Id.</u> at 1314.  The procedural posture of this case is different from <u>Lowe's</u> in that

Plaintiff substantively has not responded to the Goldins' motion for summary

judgment and thus certainly is not facing any "likelihood of an adverse

summary judgment ruling."  Nonetheless, the substance and timing of

Plaintiff's motion does suggest that the motive behind the attempted

amendment is to cure what Plaintiff perceives to be, or fears are, potential

weaknesses in its RICO case.  This motivation does not constitute good cause.

Furthermore, even if Plaintiff had good cause under Rule 16, leave to

amend still should be denied under Rule 15.  Despite Rule 15(a)(2)'s mandate

that leave be given freely "when justice so requires," a trial court may choose

AO 72A
(Rev.8/82)

not to allow a party to amend when the amendment would prejudice the

defendant or follows undue delay. Allowing the additional RICO count at this

point in the litigation would prejudice the Goldins, who for more than two years

now have developed a defense strategy around the RICO theory set forth in

Plaintiff's Amended Complaint.[8] This prejudice would be compounded by the

fact that the Goldins have now moved for summary judgment,[9] which motion

would be mooted by the proposed amendment.[10] As Plaintiff has failed to show

---

[8] As the Goldins point out in their opposition brief, Plaintiff's motion to amend comes over two years after Plaintiff moved to amend the original complaint, on May 1, 2009, and two years after the First Amended Complaint was filed, on August 4, 2009.

[9] The Eleventh Circuit has expressed particular concern regarding amendments that follow motions for summary judgment. In Freeman v. Continental Gin Co., 381 F.2d 459, 469 (5th Cir. 1967), the court stated: "A busy district court need not allow itself to be imposed upon by the presentation of theories seriatim. Liberality of amendment is important to assure a party a fair opportunity to present his claims and defenses, but equal attention should be given to the proposition that there must be an end finally to a particular litigation. . . . Much of the value of summary judgment procedure . . . would be dissipated if a party were free to rely on one theory in an attempt to defect [sic] a motion for summary judgment and then, should that theory prove unsound, come back long thereafter and fight on the basis of some other theory."

[10] Although the Court is denying the Goldins' Motion for Summary Judgment with a right to refile (see Part IV, infra), given their right to refile, the Court anticipates that the Goldins will renew their motion and reassert the same RICO defense as that raised in the motion currently before the Court. Thus, allowing Plaintiff leave to amend to raise an additional RICO count would prejudice the Goldins by precluding them from simply reasserting their existing RICO defense when they renew their motion for summary judgment. In sum, the fact that the Court is dismissing the Goldins' Motion for Summary Judgment (with the right to refile)

good cause under Rule 16, and as the proposed amendments would be prejudicial to the Goldins, the Court hereby DENIES Plaintiff's motion for leave to amend to add a new RICO count.

###### B. Additional Facts Supporting the Goldin Secondary Scheme

With respect to Plaintiff's proposed amendments adding new facts in support of the Goldin Secondary Scheme as alleged in the Amended Complaint, the Court again agrees with the Goldins that Plaintiff has failed to show good cause. Plaintiff argues that the good cause standard is met because Plaintiff does not seek to add any facts that were not already raised in its Rule 56(d) Motion, and thus that the Goldins will not be prejudiced by allowing the amendments since they already have had an opportunity to respond to these facts. Reply in Supp. of Pl.'s Mot. to Amend Am. Compl., Dkt. [253] at 5. This argument, however, conflates Rules 15 and 16 and fails to make any showing of good cause. As stated above, the focus of the Rule 16 analysis in this case is on whether Plaintiff has been diligent in seeking leave to amend, not on whether Defendants will be prejudiced by allowing the amendment.

---

does not diminish the prejudice that would result if Plaintiff were permitted to add a new RICO theory to its complaint.

In this case, all of the proposed factual amendments are contained in the declarations of Marc C. Williams, Plaintiff's employee, and Jeremy O. Chrislip, Plaintiff's former employee. Pl.'s Mot. to Amend Am. Compl., Dkt. [232] at 6. Williams currently serves as Plaintiff's Vice President of Internal Audit Services and since 1996 has had a central role in Plaintiff's investigation of the alleged Goldin Secondary Scheme. Decl. of Marc C. Williams, Dkt. [221-1] at 3. Chrislip was employed by Plaintiff from June 1997 until January 2008, serving as Sales Manager and then National Accounts Manager at MCM. Decl. of Jeremy O. Chrislip, Dkt. [221-10] at 1-2. Chrislip worked under the direct supervision of Carroll and, by his own admissions, was intimately familiar with the Goldins' transactions with Plaintiff and business relationship with Carroll. Id. at 2.

Plaintiff argues that it should be permitted to amend its complaint to add the factual averments contained in these declarations because its internal investigation "could not have been completed all at once." Reply in Supp. of Pl.'s Mot. to Amend Am. Compl., Dkt. [253] at 3. The facts Plaintiff seeks to add by amendment, however, were or should have been known to Plaintiff before this point. At all relevant times Williams and Chrislip have occupied key positions within the Plaintiff's organization that put them in close proximity

15

to the alleged Goldin Secondary Scheme.  Discovery of any facts known to them was also under Plaintiff's complete control.  Accordingly, the Court would expect Plaintiff to have fully uncovered the facts known to such important witnesses early in its investigation or at least within the time frame allowed in the Scheduling Order for amending pleadings.  Allowing these amendments solely on grounds that Plaintiff's own internal investigation took longer than the scheduling order permitted would eviscerate the concept of scheduling orders and the usual requirement that parties adhere to them.   In short, because Plaintiff has failed to show any cause other than the need for more time, the Court hereby DENIES Plaintiff's motion for leave to amend to add additional facts supporting the alleged Goldin Secondary Scheme.

     C.    <u>Additional Allegations of Personal Jurisdiction and Supporting Facts</u>

The Court, however, will grant Plaintiff leave to amend to allege general and specific jurisdiction over the Goldins and facts in support of these jurisdictional allegations.  Despite the seemingly rigid good cause requirement of Rule 16, the Eleventh Circuit has "widely recognized that Rule 16 must be read in light of Rule 15, and that in some circumstances the policy of Rule 15 should moderate the strictures of Rule 16."  <u>Wallin v. Fuller</u>, 476 F.2d 1204,

1209 (11th Cir. 1973) (citations omitted).  This is because "[u]nbending

adherence to the strictures of Rule 16 would . . . frustrate another broad policy

of the Federal Rules favoring liberality of amendment."  Id.

The latter policy compels the Court to allow Plaintiff leave to amend to

assert additional jurisdictional allegations, given that Plaintiff has already

alleged a proper basis, under RICO, for the Court's exercise of personal

jurisdiction over the Goldins.  Allowing the additional jurisdictional allegations

will have no effect on this proceeding other than to prevent the Goldins, in the

event the Court finds Plaintiff's federal RICO claim to be without merit, from

escaping this litigation purely on the technical ground that Plaintiff failed to

plead personal jurisdiction outside of RICO, even though such jurisdiction may

exist.  The Court finds that depriving the Goldins of this potential technical

defense is less unfair than depriving Plaintiff of the opportunity to allege

additional grounds of  personal jurisdiction, albeit at this late date.  The Court

further finds that allowing these jurisdictional amendments will not unduly

prejudice the Goldins, who will remain free to defend on the ground that

personal jurisdiction outside of RICO, despite Plaintiff's allegations, does not

exist.  Accordingly, Plaintiff's motion is GRANTED as to the proposed

AO 72A
(Rev.8/82)

amendments alleging general and specific jurisdiction over the Goldin

Defendants and facts in support thereof.

D.    Remaining Proposed Amendments

The Court also GRANTS Plaintiff leave to amend to drop its negligence

claims and to remove the dismissed Defendants (Coker, Coots, and Froehlich)

from the Complaint.  Allowing such amendments clearly will not prejudice the

Goldins or interfere with the Court's management of this case.

E.    Conclusion

Plaintiff's Motion to Amend the Amended Complaint is GRANTED as to

the proposed jurisdictional allegations and facts in support of those allegations.

The Motion is also GRANTED as to the amendments dropping Plaintiff's

negligence claims and removing dismissed Defendants Coker, Coots, and

Froehlich from the complaint.  The Motion is DENIED as to all other proposed

amendments, in particular, the additional RICO count and the additional facts in

support of the alleged Goldin Secondary Scheme.

## II.    Plaintiff's Rule 56(d) Motion [221][11]

---

[11] Plaintiff styled this motion, "Plaintiff's 56(d) Motion *and Brief in Response to the Goldin Defendants' Motion for Summary Judgment*." Dkt. [221] (emphasis added).  By Court order, however, Plaintiff was permitted to file *either* a Rule 56(d) motion *or* respond substantively to the Goldins' motion for summary judgment.  Dkt. [213] at 2.  Having elected to move under Rule 56(d) for more time to obtain

As stated in the Background above, Plaintiff moves the Court under Federal Rule of Civil Procedure 56(d) to grant it more time to take discovery before having to respond to the Goldins' motion for summary judgment. In support of this Motion, Plaintiff argues that it should have the right to depose the Goldins and Carroll before having to respond to the motion, and that it needs additional written discovery to explain the content of documents Plaintiff has received from the Goldins. Dkt. [221] at 9, 12; Decl. of Gary S. Freed, Dkt. [221-14] ¶¶ 4-5. The Goldins argue that Plaintiff is not entitled to further discovery under Rule 56(d) because it has failed to identify, with particularity, the facts it seeks to discover, and because Plaintiff has not been diligent in pursuing discovery thus far. Defs.' Resp. to Pl.'s Rule 56(d) Mot., Dkt. [226] at 21-23.

Under Rule 56(d), "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to . . .

_____

discovery, the Court will not consider Plaintiff's substantive responses to the Goldins' motion for summary judgment at this time. Instead, the Court will consider only Plaintiff's Rule 56(d) arguments, which appear primarily at pages 9-12 of Plaintiff's brief, and the supporting Declaration of Gary S. Freed, attached thereto as Exhibit C. The other exhibits clearly are intended to oppose the Goldins' motion for summary judgment substantively and will not be considered.

take discovery; or (3) issue any other appropriate order." A Rule 56(d) motion

must be supported by an affidavit "which sets forth *with particularity* the facts

the moving party expects to discover and how those facts would create a

genuine issue of material fact precluding summary judgment." <u>Harbert Int'l,</u>

<u>Inc. v. James</u>, 157 F.3d 1271, 1280 (11th Cir. 1998) (emphasis added). "The

party seeking to use Rule 56[(d)] may not simply rely on vague assertions that

additional discovery will produce needed, but unspecified, facts, but rather he

must specifically demonstrate how postponement of a ruling on the motion will

enable him, by discovery or other means, to rebut the movant's showing of an

absence of a genuine issue of material fact." <u>Reflectone, Inc. v. Farrand Optical</u>

<u>Co., Inc.</u>, 862 F.2d 841, 843 (11th Cir. 1989) (internal quotations and citations

omitted).

      The Court finds that Plaintiff has failed to show under Rule 56(d) that it

is entitled to further discovery before being required to the Goldins' motion for

summary judgment. The affidavit of Gary S. Freed that Plaintiff files in support

of its motion does not state which *facts* Plaintiff seeks to discover and how

those facts will create a genuine issue of material fact precluding summary

judgment. Instead, the affidavit merely professes Plaintiff's intention to serve

additional written discovery on the Goldins "to seek explanations of documents

received," and states that "no depositions have been taken," that the depositions of Carroll and Alan Goldin have been scheduled, and that "[Plaintiff] is seeking to depose additional witnesses around that time." Decl. of Gary S. Freed, Dkt. [221-14] ¶¶ 3-5. These assertions are insufficient to show that Plaintiff is entitled to further discovery under Rule 56(d) and suggest that Plaintiff has failed to take advantage of the discovery mechanisms that have been available to it since discovery resumed in this case on September 20, 2010. Because Plaintiff has failed to show with particularity the facts it seeks to obtain through additional discovery, Plaintiff's Rule 56(d) motion is hereby DENIED.

## III.  Plaintiff's Motion to Correct Scrivener's Errors [252]

In light of the above rulings, the Court hereby DISMISSES as moot Plaintiff's motion to correct scrivener's errors in the Proposed Second Amended Complaint and in the Declaration of Marc C. Williams.[12]

---

[12] The Declaration of Marc C. Williams appears as Exhibit A to Plaintiff's "Rule 56(d) Motion and Brief in Response to the Goldin Defendants' Motion for Summary Judgment." Dkt. [221-1] at 1-17. The declaration clearly is offered to oppose substantively the Goldins' motion for summary judgment. Because, as stated in footnote 11, the Court will not consider Plaintiff's substantive responses to the Goldins' summary judgment motion at this time, it will not consider the factual averments contained in the Williams declaration. Accordingly, the motion to correct any scrivener's errors in this declaration is moot.

AO 72A
(Rev.8/82)

**IV.    The Goldin Defendants' Motion for Summary Judgment [217]**

In light of the Court's ruling allowing Plaintiff leave to amend the Amended Complaint, the Goldins' Motion for Summary Judgment is DENIED with a right to refile.[13]

### Conclusion

Plaintiff's Motion for Leave to Amend [232] is **GRANTED in part** and **DENIED in part**.  The motion is GRANTED as to the proposed allegations of general and specific jurisdiction over the Goldins and supporting facts.  The motion is also GRANTED as to the amendments dropping Plaintiff's negligence claims and removing the dismissed Defendants from the complaint. The motion is DENIED as to all other proposed amendments–namely, the proposed additional RICO count and additional facts in support of the alleged Goldin Secondary Scheme.  Plaintiff's Rule 56(d) Motion [221] is **DENIED**. Plaintiff's Motion to Correct Scrivener's Errors [252] is **DENIED as moot**.

---

[13]Based on the rulings herein, a response to the Goldins' motion for summary judgment as to the RICO claim would now be required.  By denying the motion with a right to refile, the Court is affording the Goldin Defendants an opportunity to evaluate whether they wish to proceed with their motion as to the RICO claim as it presently stands or include the jurisdictional issue following the filing of Plaintiff's Second Amended Complaint.

AO 72A
(Rev.8/82)

The Goldin Defendants' Motion for Summary Judgment [217] is **DENIED with the right to refile**.

Plaintiff is **DIRECTED** to file its Second Amended Complaint within fourteen (14) days from the date of entry of this Order and, concurrently with the Second Amended Complaint, a Notice specifically identifying the paragraphs of the Second Amended Complaint containing the permitted amendments. The Goldins shall have fourteen (14) days from the date the Second Amended Complaint and Notice are filed within which to file an Amended Answer.

**SO ORDERED**, this __16th__ day of November, 2011.


_Richard W. Story_

**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)